DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Probate Court judgment that directed the distribution of assets in the Estate of David D. Franklyn, deceased.
 {¶ 2} Dorothy Dianne Downard, commissioner below and appellant herein, assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "THE PROBATE COURT ERRED IN LIMITING REIMBURSEMENT OF FUNERAL EXPENSES TO $2,000.00, WHERE THE APPLICABLE STATUTE ALLOWS FOR PAYMENT OF AN ADDITIONAL AMOUNT UP TO $2,000.00 FOR SPECIFIC EXPENSES ADVANCED BY THE FUNERAL HOME, AND THE COMMISSIONER OF THE ESTATE ADVANCED THOSE EXPENSES TO THE FUNERAL HOME."
SECOND ASSIGNMENT OF ERROR: *Page 2 
 "THE PROBATE COURT ERRED IN ORDERING THE BALANCE OF THE PROCEEDS OF THE ESTATE TO BE PAID TO THE MINOR CHILD, DUSTIN FRANKLYN, WHERE THE CHILD THROUGH HIS GUARDIAN AGREED TO WAIVE HIS FAMILY ALLOWANCE FOR THE PURPOSE OF ALLOWING THE COMMISSIONER TO BE REIMBURSED COMPLETELY FOR FUNERAL AND BURIAL EXPENSES OF THE DECEDENT."
THIRD ASSIGNMENT OF ERROR:
 "THE PROBATE COURT ERRED IN LIMITING THE PAYMENT OF COSTS AND EXPENSES OF ADMINISTRATION TO $170.78, WHERE THE COMMISSIONER EXPENDED ADDITIONAL FUNDS TO REPAIR THE 1998 CHEVROLET CHEYENNE IN PREPARATION OF SALE."
 {¶ 3} On November 15, 2005 David B. Franklyn died intestate. On August 15, 2006 appellant filed an application to relieve the estate from administration.[1] Two months later, the trial court relieved the estate from administration and ordered the sale of the decedent's remaining assets.
 {¶ 4} The dispute in this case stems from the fact that the estate is insolvent. At two hearings the commissioner requested reimbursement for funeral expenses that she had personally advanced, as well as expenses that she had incurred to prepare one of the decedent's vehicles for sale. What concerned the trial court, however, was the payment of an allowance to the decedent's minor child.
 {¶ 5} On February 21, 2007, the trial court ordered the commissioner to reimburse herself for $2,000 in funeral expenses, $170.78 for costs and expenses of administration, and deliver the balance of assets to Dustin Franklyn, the decedent's *Page 3 
minor child. This appeal followed.
 I {¶ 6} Appellant asserts in her first assignment of error that the trial court erred in its computation of reimbursement for the funeral and burial expenses. Specifically, appellant claims that she is entitled to an additional $2,000 above the $2,000 the court allocated to her. We agree.
 {¶ 7} R.C. 2117.25 provides in part:
 "(A) Every executor or administrator shall proceed with diligence to pay the debts of the decedent and shall apply the assets in the following order:
 (1) Costs and expenses of administration;
 (2) An amount, not exceeding two thousand dollars, for funeral expenses that are included in the bill of a funeral director, funeral expenses other than those in the bill of a funeral director that are approved by the probate court, and an amount, not exceeding two thousand dollars, for burial and cemetery expenses, including that portion of the funeral director's bill allocated to cemetery expenses that have been paid to the cemetery by the funeral director."[2]
This statute is phrased in the conjunctive. Thus, a decedent's assets are to be used to pay $2,000 in funeral expenses and $2,000 in burial expenses. In the case sub judice, the funeral home bill reveals in excess of $7,000 for funeral expenses and, of that, more than $3,000 for burial expenses. As appellant contends, she is therefore entitled to $4,000 of the estate assets pursuant under R.C. 2117.25(A)(2).
 {¶ 8} Accordingly, based upon the foregoing reasons we hereby sustain *Page 4 
appellant's first assignment of error.
 II {¶ 9} Appellant's second assignment of error concerns the minor child's mother's alleged family allowance waiver. Appellant argues that the trial court should have accepted the waiver and, thus, freed up more funds for funeral expenses and reimbursement.
 {¶ 10} As an abstract proposition of law, we agree with appellant's argument. Dustin Franklin has a R.C. 2106.13 claim for allowance of support. That claim can be waived, however. In the case at bar, our review of the record reveals no evidence of a waiver, other than counsel's and the commissioner's unsupported assertion that a waiver exists. The transcripts reveals that the trial court was rightly concerned about the absence of such evidence and provided appellant with additional time to produce a written waiver. No such evidence was adduced, however, and the trial court properly rejected appellant's unsupported claim. However, if, on remand, sufficient evidence of a waiver can be adduced, that issue may be revisited. Until that time, we find no error on the part of the trial court in regard to this issue.
 {¶ 11} Accordingly, we overrule appellant's second assignment of error.
 III {¶ 12} Appellant asserts in her third assignment of error that the trial court's order that she be reimbursed only $170.78 for expenses of administering the estate, when in fact she expended $649 to repair a motor vehicle (which appears to have been the estate's most valuable asset), constitutes error. We agree, but with the caveat that we find no evidence of this expense in the record other than a brief reference during the *Page 5 
March 26, 2007 hearing.
 {¶ 13} Ohio law gives first priority of claims to costs and expenses of administering the estate. R.C. 2117.25(A). The person administering an estate has an obligation to preserve estate assets and is generally entitled to reimbursement for money paid to repair estate assets. We see no reason why the statute should not apply here.
 {¶ 14} Accordingly, the third assignment of error is sustained to this extent and on remand appellant may provide evidence of the money she expended to repair the vehicle. If that evidence is not sufficient, the trial court may ignore her claim.
 {¶ 15} Having sustained the first and third assignments of error, the order of the Probate Court is hereby reversed and this case is remanded for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and case remanded for further proceedings consistent with this opinion. Costs herein taxed shall be assessed to the estate.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Probate Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of *Page 6 
the Rules of Appellate Procedure.
Abele, P.J., Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] The precise nature of the relationship between appellant and the decedent is not clear from the record.
[2] As appellant notes in her brief, R.C. 2117.25(A)(2) was amended effective October 12, 2006 and increased these statutory allowances to $4,000 for funeral expenses and $3,000 for burial expenses. See H.B. No. 426, 2006 Baldwin's Ohio Legislative Service No. 4, L-2113, L-2134. She concedes, however, that the older version of the statute applies in this case. *Page 1